IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL NO. 3:19-CR-221-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) |
| DENT HALL TURNER | ) |
| | ) |
| _____ | ) |

## UNITED STATES' RESPONSE OPPOSING
## MOTION FOR COMPASSIONATE RELEASE

Dent Hall Turner has moved for compassionate release, alleging that two sentencing errors, his family circumstances, an unwarranted sentencing disparity, and his rehabilitation constitute extraordinary and compelling circumstances warranting his release. The United States respectfully requests that this Court deny the motion because Turner's claims of sentencing error are without merit and are not appropriate grounds for compassionate release, and he has not alleged family circumstances, a sentencing disparity, or rehabilitation efforts that qualify as extraordinary and compelling. Moreover, the sentencing factors in 18 U.S.C. § 3553(a) weight against a discretionary sentence reduction.

### BACKGROUND AND PROCEDURAL HISTORY

Turner trafficked methamphetamine in Mecklenburg County. Doc. No. 23, ¶¶ 10–13. He participated in two controlled buys. *Id.* On October 13, 2016, Turner met with a confidential informant to take the informant to buy an ounce of methamphetamine. *Id.* ¶ 10. The informant picked up Turner, who directed the

informant to an apartment, where the two went inside and bought an ounce of methamphetamine for $1,000. *Id.* The methamphetamine was 99 percent pure and amounted to 26.9 grams of actual methamphetamine. *Id.* ¶ 11.

Ten days later, the confidential informant picked up Turner, and they returned to the same apartment. *Id.* ¶ 12. Turner took $850, went into the apartment, and returned with a bag of methamphetamine. *Id.* The methamphetamine was 99 percent pure and amounted to 27.5 grams of actual methamphetamine. *Id.* ¶ 13.

A federal grand jury indicted Turner, charging him with two counts of possession with intent to distribute five grams or more of actual methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(B), 18 U.S.C. § 2. Doc. No. 3. Turner entered into a written plea agreement with the United States and pleaded guilty to the October 13 sale. Doc. No. 15, ¶ 1. Turner agreed that he understood that he faced a sentence of 5 to 40 years in prison. *Id.* ¶ 5. He also agreed to jointly recommend that the Court find that more than 50 grams, but less than 150 grams, of methamphetamine was known or reasonably foreseeable to him and that a base offense level of 30 applied. *Id.* ¶ 8.

This Court's probation office submitted a presentence report and determined that Turner's base offense level was 30 because his offense involved 54.4 grams of methamphetamine. Doc. No. 23, ¶ 19. The probation office also applied a three-offense-level reduction for acceptance of responsibility. *Id.* ¶¶ 26–28. Turner

2

earned 15 criminal-history points. *Id.* ¶ 55. His criminal history began at age 17 and includes convictions for breaking and entering, assault, driving while intoxicated, possession with intent to sell and deliver methamphetamine, and possession with intent to sell and deliver counterfeit crystal methamphetamine. *Id.* ¶¶ 33–52. Based on a total offense level of 27 and a criminal-history category of VI, the Sentencing Guidelines advised a sentence of between 130 and 162 months in prison. *Id.* ¶ 99. Turner sought a reduction for playing a minor role in the offense. *Id.* at 27. This Court overruled his request for a three-level reduction but granted a two-level reduction. Doc. No. 27 at 1. This lowered his advisory guideline range to 110 to 137 months of imprisonment. *Id.* The Court sentenced Turner to 120 months in prison, noting his "[e]xtensive criminal history." *Id.* at 2; Doc. No. 26 at 2. The Court entered its judgment in September 2020. *Id.*

Turner did not file a direct appeal. He filed a motion to vacate alleging ineffective assistance of counsel, which this Court denied in August of 2022. Doc. No. 33.

Turner filed a motion for compassionate release in April of 2024. Doc. No. 39. The United States moved to dismiss because Turner had not complied with the requirement that he ask the warden of his facility for release before filing a motion with the court. Doc. No. 42 at 4–6. Turner moved to dismiss his motion. Doc. No. 43. This Court granted the motion, dismissed the compassionate-release motion

3

without prejudice, and denied the United States' motion to dismiss as moot. Doc. No. 44.

Turner filed this motion for compassionate release on January 23, 2025. Doc. No. 45. He asserts that release is warranted because of an error in calculating the drug weight for which he was held responsible, the disproportionate emphasis in the Guidelines on purity of methamphetamine as a proxy for culpability, his family circumstances, unwarranted sentencing disparities, and his "remarkable" rehabilitation. Doc. No. 45 at 12–32.

Turner asserts that he filed a motion for compassionate release with the warden of his facility. *Id.* at 12. BOP records confirm that BOP received a request from Turner for compassionate release in August of 2024 and that the warden denied his request. Ex. 1.

Turner has committed three disciplinary infractions while in the Bureau of Prison. Ex. 2. He was sanctioned for possessing a dangerous weapon in 2021 and for refusing a work assignment twice in 2021. *Id.* Turner has completed 67 educational courses while in prison and has four in progress. Ex. 3. He is currently scheduled for release in April of 2027. Ex. 4.

# ARGUMENT

**This Court should deny Turner's motion because he has not identified an extraordinary and compelling circumstance warranting compassionate release and the sentencing factors weigh against release.**

This Court should deny Turner's motion for a reduction in sentence under § 3582(c)(1)(A). Turner has failed to establish that any extraordinary and compelling circumstances warrant a reduction in sentence. The sentencing factors described in 18 U.S.C. § 3553(a) also weigh against discretionary relief.

A. *Compassionate Release*

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." Section 3582(c)(1)(A) also requires a defendant, before filing a motion with the court, to "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or wait "30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

The Sentencing Commission's policy statement applicable to compassionate-release motions is Sentencing Guidelines § 1B1.13. Section 1B1.13, as amended effective November 1, 2023, authorizes this Court to grant a defendant's motion for compassionate release if this Court finds that extraordinary and compelling reasons

5

warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) describes five categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant, (2) the age of the defendant, (3) a defendant's family circumstances, (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury," and (5) an unusually long sentence.

Medical circumstances that a court may find to support a finding of extraordinary and compelling reasons include a terminal illness; a serious medical condition or impairment or a deterioration of physical or mental health caused by aging that substantially diminishes the ability of the defendant to provide self-care and from which he is not expected to recover; and a medical condition requiring long-term or specialized medical care that is not being provided and that presents a risk of serious deterioration in health or death. *Id.* § 1B1.13(b)(1). A court may also find extraordinary and compelling reasons justifying compassionate release under this category if the defendant shows that he is housed at a correctional facility affected by an ongoing outbreak of infectious disease or public health emergency, the defendant is at increased risk of suffering severe medical complications or death as a result, and this risk cannot be adequately mitigated in a timely manner. *Id.*

6

A defendant's age may constitute an extraordinary and compelling reason if the defendant is at least 65 years old, is experiencing a serious and age-related deterioration in physical or mental health, and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. *Id.* § 1B1.13(b)(2). Family circumstances may constitute an extraordinary and compelling reason upon (1) the death or incapacitation of the caregiver of the defendant's minor child or the defendant's older child who is incapable of self-care because of a medical disability or condition, or (2) the incapacitation of the defendant's spouse, partner, parent, or equivalent relation when the defendant would be the only available caregiver. *Id.* § 1B1.13(b)(3).

A court may also find that extraordinary and compelling reasons for compassionate release exist where a defendant presents "any other circumstance or combination of circumstances that "are similar in gravity to those described" above. *Id.* § 1B1.13(b)(5). Rehabilitation of the defendant "is not, by itself, an extraordinary and compelling circumstance," but it may be considered "in combination with other circumstances in determining whether and to what extent" a reduction is warranted. *Id.* § 1B1.13(d).

Additionally, a court may find extraordinary and compelling reasons warranting compassionate release where a defendant received "an unusually long sentence" and has served at least 10 years of that sentence and a new legal development, other than a non-retroactive amendment to the Sentencing

7

Guidelines, "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id.* § 1B1.13(b)(6). A court considering whether a change in law constitutes an extraordinary and compelling circumstance must consider fully "the defendant's individualized circumstances." *Id.* Except as provided by subsection (b)(6), a "change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining" whether extraordinary and compelling circumstances exist. *Id.* § 1B1.13(c).

      B.    *This Court should deny Turner's motion because he has not identified any extraordinary and compelling reasons to grant him release.*

This Court should deny Turner's motion for a sentence reduction. Turner has not identified any extraordinary and compelling reasons to grant him compassionate release.

      1.    *Turner's sentencing argument does not constitute an extraordinary and compelling circumstance.*

Turner's contention that this Court improperly sentenced him based on 54.4 grams of methamphetamine does not constitute an extraordinary and compelling circumstance. First, Turner's claim of sentencing error is not an appropriate basis for compassionate release. Turner challenges his sentence based on the same facts that existed at sentencing, and the Fourth Circuit has confirmed that "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence." *United States v. Ferguson*, 55 F.4th 262, 272

8

(4th Cir. 2022).  Section 2255 remains "the exclusive method" for such challenges, and Turner may not "sidestep § 2255's requirements" through a motion for compassionate release.  *Id.* at 270 (citing 28 U.S.C. § 2255).  This Court should reject his attempt to litigate the issue through the compassionate-release framework.

Second, even if it were an appropriate basis for compassionate release, his claim is without merit.  The grand jury indicted Turner and charged him with possessing with intent to distribute 5 grams or more of methamphetamine.  Doc. No. 3.  Turner pleaded guilty to that charge, and he explicitly agreed in his plea agreement that the amount of methamphetamine that was known to or reasonably foreseeable to him was in excess of 50 grams but less than 150 grams.  Doc. No. 15 at 1–2.  The district court sentenced him within the statutory maximum for this offense.  *See* 21 U.S.C. § 841(b)(1)(B)(viii).  His arguments that the district court erred under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), are therefore misplaced.  Doc. No. 45 at 13–17.

2.    *Turner's argument regarding drug purity does not constitute an extraordinary and compelling circumstance.*

Turner's assertion that the Court should sentence him under the guideline for a mixture of methamphetamine, rather than actual methamphetamine, is also a sentencing challenge that he could have raised at the time of sentencing or in a motion to vacate but is not appropriately brought in a motion for compassionate release.  *See* Doc. No. 45 at 19–20 (citing cases from before he was sentenced);

*Ferguson*, 55 F.4th at 270; *United States v. Stamper*, 2024 WL 3512807, at \*4 (W.D.N.C. July 23, 2024). Additionally, his assertion that the purity of the methamphetamine was used as a proxy for his culpability is misplaced because this Court considered Turner's individual conduct and reduced Turner's guideline range based on his role in the offense. *See Stamper*, 2024 WL 3512807, at \*5. And this Court has rejected the argument that sentencing based on methamphetamine purity presents an extraordinary and compelling reason to reduce a defendant's sentence. *See United States v. Champion*, No. 1:17CR46, 2023 WL 5604175, at \*4 (W.D.N.C. Aug. 29, 2023) (recognizing that "methamphetamine is among the most dangerous drugs encountered in this District, and is greatly destructive to individuals and to the communities of Western North Carolina"), *aff'd*, 2024 WL 1651270 (4th Cir. Apr. 17, 2024).

3.    *Turner's family circumstances do not constitute an extraordinary and compelling circumstance.*

Turner has not shown that his family circumstances support a reduced sentence under subsection (b)(3). Turner asserts that his "mother is handicapped," that his father is 71 years old and needs help running his business, and that his parents are looking after his son. Doc. No. 45, at 24–25. He has not alleged the death or incapacitation of his son's caregiver, the incapacitation of his mother, or that he is the only available caregiver. *See* U.S.S.G. § 1B1.13(b)(3). His family circumstances are not extraordinary and compelling circumstances under the policy statement.

10

4. *Turner's sentencing disparity argument does not constitute an extraordinary and compelling circumstance.*

Turner's assertion that his sentence "in 2020 is now disparate relative to Defendants who were sentenced after December 21, 2018," is conclusory and without merit. Doc. No. 45 at 28. He simply cites cases that recognize that unwarranted sentencing disparities may support a sentence reduction. He offers no explanation of why his sentence shows an unwarranted disparity with any other defendant, nor does he identify any other defendant with whom to compare his sentence. *Id.* at 25–29. Therefore, he has not shown any unwarranted sentencing disparity, much less an extraordinary and compelling reason to reduce his sentence.

5. *Turner's rehabilitation does not represent an extraordinary and compelling circumstance.*

Turner's efforts at rehabilitation do not constitute extraordinary and compelling circumstances. Rehabilitation alone cannot qualify as such a circumstance, § 1B1.13(d), and Turner does not raise any other "combination of circumstances" that would qualify. Moreover, Turner's rehabilitation falls short of the kind of extraordinary effort that might weigh in favor of a reduction in sentence when combined with other factors. He asserts that although he has been sanctioned for possessing a dangerous weapon and refusing to share a cell, "these incidents occurred over three years ago" and he has "maintained a clean disciplinary record" since then. Doc. No. 45 at 30. He also asserts that he has a "pattern score of minimum risk for recidivism." *Id.* at 31. It is true that Turner has maintained clear conduct since his last infractions in 2021, but his risk assessment

11

shows he is at medium risk of recidivism. Ex. 5 at 3. Turner's participation in educational programming and assistance in helping other inmates earn their general equivalency diplomas is promising, but it does not show an extraordinary and compelling reason to reduce his sentence.

C. *The sentencing factors in § 3553(a) weigh against release.*

Even if Turner could establish an extraordinary and compelling circumstance warranting his release, the sentencing factors described in 18 U.S.C. § 3553(a) also weigh against any discretionary sentencing relief. Turner's trafficking of methamphetamine was very serious and presented a danger to the community. It also followed a long history of criminal conduct, including prior convictions for other controlled substance offenses. *See* Doc. No. 27 at 2 (noting Turner's "extensive criminal history"). The nature and circumstances of Turner's offense, his history and characteristics, and the need for deterrence, just punishment, and to protect the public all weigh against a discretionary sentence reduction. The Court, therefore, should deny his motion for compassionate release.

## CONCLUSION

For all of these reasons, the United States requests that this Court deny Turner's motion for compassionate release.

12

RESPECTFULLY SUBMITTED, this 17th day of February, 2026.

RUSS FERGUSON
UNITED STATES ATTORNEY

s/ Julia K. Wood
Assistant United States Attorney
North Carolina Bar No. 51754
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Email: julia.wood@usdoj.gov

13

# CERTIFICATION

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This 17th day of February, 2026.

s/Julia K. Wood
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that I have this day caused to be served a copy of the above motion upon the Petitioner by U.S. Mail at the following address:

Dent Hall Turner
35083-058
Cumberland Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Cumberland, MD 21501

This 17th day of February, 2026.

<u>s/ Julia K. Wood</u>
Assistant United States Attorney

15