IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTHN CAROLINA
CHARLOTTE DIVISION
3:19CR221-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DENT HALL TURNER | ) | |
| | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Defendant Dent Hall Turner's pro se motion for compassionate release (Doc. No. 45). The United States has filed a response in opposition (Doc. No. 51), and the Defendant filed a reply (Doc. No. 52). For the reasons set forth below, Defendant's Motion is **DENIED**.

## I. BACKGROUND

Defendant Turner trafficked methamphetamine in Mecklenburg County. Doc. No. 23, ¶¶ 10–13. He participated in two controlled buys. Id. On October 13, 2016, Turner met with a confidential informant to take the informant to buy an ounce of methamphetamine. Id. ¶ 10. The informant picked up Turner, who directed the informant to an apartment, where the two went inside and bought an ounce of methamphetamine for $1,000. Id. The methamphetamine was 99 percent pure and amounted to 26.9 grams of actual methamphetamine. Id. ¶ 11.

Ten days later, the confidential informant picked up Turner, and they returned to the same apartment. Id. ¶ 12. Turner took $850, went into the apartment, and returned with a bag of methamphetamine. Id. The methamphetamine was 99 percent pure and amounted to 27.5 grams of actual methamphetamine. Id. ¶ 13.

A federal grand jury indicted Turner, charging him with two counts of possession with intent to distribute five grams or more of actual methamphetamine, 21 U.S.C. § 841(a)(1),

(b)(1)(B), 18 U.S.C. § 2. Doc. No. 3. Turner entered into a written plea agreement with the United States and pleaded guilty to the October 13 sale. Doc. No. 15, ¶ 1. Turner agreed that he understood that he faced a sentence of 5 to 40 years in prison. Id. ¶ 5. He also agreed to jointly recommend that the Court find that more than 50 grams, but less than 150 grams, of methamphetamine was known or reasonably foreseeable to him and that a base offense level of 30 applied. Id. ¶ 8.

This Court's probation office submitted a presentence report and determined that Turner's base offense level was 30 because his offense involved 54.4 grams of methamphetamine. Doc. No. 23, ¶ 19. The probation office also applied a three-offense-level reduction for acceptance of responsibility. Id. ¶¶ 26–28. Turner earned 15 criminal-history points. Id. ¶ 55. His criminal history began at age 17 and includes convictions for breaking and entering, assault, driving while intoxicated, possession with intent to sell and deliver methamphetamine, and possession with intent to sell and deliver counterfeit crystal methamphetamine. Id. ¶¶ 33–52. Based on a total offense level of 27 and a criminal-history category of VI, the Sentencing Guidelines advised a sentence of between 130 and 162 months in prison. Id. ¶ 99. Turner sought a reduction for playing a minor role in the offense. Id. at 27. This Court overruled his request for a three-level reduction but granted a two-level reduction. Doc. No. 27 at 1. This lowered his advisory guideline range to 110 to 137 months of imprisonment. Id. The Court sentenced Turner to 120 months in prison, noting his "[e]xtensive criminal history." Id. at 2; Doc. No. 26 at 2.

Turner did not file a direct appeal. He filed a motion to vacate alleging ineffective assistance of counsel, which this Court denied in August of 2022. Doc. No. 33. Turner filed a motion for compassionate release in April of 2024. Doc. No. 39. The United States moved to dismiss because Turner had not complied with the requirement that he ask the warden of his facility for release before filing a motion with the court. Doc. No. 42 at 4–6. Turner moved to dismiss his

motion, and the Court dismissed the compassionate-release motion without prejudice and denied the United States' motion to dismiss as moot. Doc. No. 44.

Turner then filed the present motion for compassionate release on January 23, 2025. Doc. No. 45. He asserts that release is warranted because of an error in calculating the drug weight for which he was held responsible, the disproportionate emphasis in the Guidelines on purity of methamphetamine as a proxy for culpability, his family circumstances, unwarranted sentencing disparities, and his efforts at rehabilitation. Doc. No. 45 at 12–32. This time Tuner did file the requisite motion for compassionate release with the warden of his facility prior to filing his motion with the Court, and his request was denied. See Doc No. 51-1.

Turner has committed three disciplinary infractions while in the Bureau of Prisons, including possessing a dangerous weapon in 2021 and for refusing a work assignment twice in 2021. See Doc. No. 51-2. Turner has completed 67 educational courses while in prison and has four in progress. See Doc. No. 51-3. He is currently scheduled for release in April of 2027. See Doc. No. 51-4.

## II. DISCUSSION

### A. Legal Standard

Defendant's motion seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A). A defendant may seek a modification of his sentence from the court under § 3582(c)(1)(A) for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant has administratively exhausted a claim for release (or the

Government does not contest the exhaustion requirement),[1] the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023).

First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court finds 'extraordinary and compelling reasons warrant such a reduction,'" id. (quoting § 3582(c)(1)(A)), and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement applicable to compassionate release requests is Sentencing Guidelines § 1B1.13, which was amended effective November 1, 2023. The amended policy statement now governs Defendant's motion for compassionate release. As amended, § 1B1.13 authorizes this Court to grant a motion for compassionate release if the Court finds that extraordinary and compelling reasons warrant a sentence reduction, and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) outlines six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant, (2) the age of the defendant, (3) a defendant's family circumstances, (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury," (5) any other circumstance or combination of circumstances that are similar in gravity to (1) through (4); and (6) an unusually long sentence.

Family circumstances may constitute an extraordinary and compelling reason upon (1) the death of incapacitation of the caregiver of the defendant's minor child or the defendant's older child who is incapable of self-care because of a medical disability or condition, or (2) the

[1] United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (recognizing the exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, and it may be waived or forfeited).

incapacitation of the defendant's spouse, partner, parent, or equivalent relation when the defendant would be the only available caregiver. Id. § 1B1.13(b)(3).

An "unusually long sentence" may constitute an extraordinary and compelling circumstance if a defendant (1) "received an unusually long sentence," (2) "has served at least 10 years of the term of imprisonment," and (3) "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)" would produce a "gross disparity between the sentence being served and the sentence likely to be imposed" now. *Id*. § 1B1.13(b)(6). The policy statement provides that "[e]xcept as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists" under the policy statement. *Id*. § 1B1.13(c).

The policy statement provides that the rehabilitation of the defendant "is not, by itself, an extraordinary and compelling reason for purposes" of the policy statement. § 1B1.13(d). Rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id*.

**B. §1B1.13(b) Criteria**

It appears that Turner has satisfied the exhaustion requirement, as the warden has denied his motion for compassionate release. Turner first makes several arguments that amount to claims of sentencing errors. Specifically, he argues that the Court improperly sentenced him based on 54.4 grams of methamphetamine,[2] and that the Sentencing Guidelines improperly place too much

[2] As noted earlier, Turner plead guilty to possessing with intent to distribute 5 grams or more of methamphetamine and explicitly agreed in his plea agreement that the amount of methamphetamine that was known or reasonably foreseeable to him was in excess of 50 grams but less that 150 grams. Doc. No. 15 at 1-2.

emphasis on the purity of methamphetamine as a proxy for culpability.[3] The Court finds these arguments baseless, but even if they had some merit, they would not be cognizable in a motion for compassionate release. *See United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022) (finding that "[b]ecause [18 U.S.C.] § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as a motion for compassionate release, to sidestep § 2255's requirements).

Turner has failed to show that his family circumstances support a reduction in his sentence. He merely alleges that his mother is handicapped, that his father is 71 years old and needs help running his business, and that his parents are looking after his son. Doc. No. 45, at 24–25. He has not alleged the death or incapacitation of his son's caregiver, the incapacitation of his mother, or that he is the only available caregiver. See U.S.S.G. § 1B1.13(b)(3). The Court finds that his family circumstances are not extraordinary and compelling circumstances under the policy statement.

Turner next contends that his sentence "in 2020 is now disparate relative to Defendants who were sentenced after December 21, 2018." Doc. No. 45 at 28. He then proceeds to cite several cases that recognize unwarranted sentencing disparities may support a sentence reduction. However, he offers no explanation of why his sentence shows an unwarranted disparity with any other defendant, nor does he identify any other defendant with whom to compare his sentence. Therefore, Turner has not shown any unwarranted sentencing disparity, much less an extraordinary and compelling reason to reduce his sentence.

---

[3] This Court has previously rejected the argument that sentencing based on methamphetamine purity presents an extraordinary and compelling reason to reduce a defendant's sentence. See United States v. Champion, No. 1:17CR46, 2023 WL 5604175, at *4 (W.D.N.C. Aug. 29, 2023) (recognizing that "methamphetamine is among the most dangerous drugs encountered in this District, and is greatly destructive to individuals and to the communities of Western North Carolina"), aff'd, 2024 WL 1651270 (4th Cir. Apr. 17, 2024).

Lastly, while the Court commends Turner's efforts at rehabilitation, they do not constitute extraordinary and compelling circumstances. Also, although Turner has had no disciplinary infractions since his last infractions in 2021, his risk assessment shows that he is at medium risk of recidivism. See Doc. No 51-5 at 3.

**C. § 3553(a) Factors**

Even if the Defendant could establish extraordinary and compelling circumstances, the sentencing factors in 18 U.S.C. § 3553(a) weigh against any reduction. Under the compassionate release statute, courts must consider the factors from 18 U.S.C. § 3553(a) "to the extent that they are applicable" in deciding whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A). Those factors include (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes by the defendant; and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See id*. § 3553(a).

Turner's trafficking of methamphetamine was very serious and presented a danger to the community. It also followed a long history of criminal conduct, including prior convictions for other controlled substance offenses. The nature and circumstances of Turner's offense, his history and characteristics, and the need for deterrence, just punishment, and to protect the public all weigh against a discretionary sentence reduction.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. No. 45) is hereby **DENIED**.

Signed: April 27, 2026

Frank D. Whitney
Senior United States District Judge